IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PERRY GREEN (12) | CRIMINAL ACTION FILE NO.<br><br>1:16-CR-145-TWT-JKL-12 |

**ORDER AND NON-FINAL REPORT AND RECOMMENDATION**

Pending before the Court is Defendant Perry Green's Motion for a Bill of Particulars [Doc. 742]. The government has filed a response to the motion. [Doc. 846.] Also pending before the Court is Green's Motion to Adopt Defendant Evans's Motion for Severance [Doc. 744], which the Court has construed as a motion for severance. For the following reasons, the Court **DENIES** the motion for a bill of particulars and **RECOMMENDS** the motion to adopt, which the Court construes as a motion to sever, be **DENIED**.

**I.     BACKGROUND**

Green is charged in this case with RICO conspiracy (Count One). [*See* Doc. 1.] The indictment alleges that Green was a member of the Gangster Disciples, which the government alleges operated as a racketeering enterprise as defined by 18 U.S.C. § 1961(4). During the time period relevant to this case

Green allegedly served on the HATE Committee and acted as an enforcer and clean-up crew for the Gangster Disciples.[1]  [*Id.* at 13.]  The indictment identifies specific overt acts that Green is alleged to have committed in furtherance of the RICO conspiracy.  Specifically, the indictment alleges that on or about December 1, 2012, Green and fellow Gangster Disciples member Q.H. robbed an individual at gunpoint.  [*Id.* at 20 (Overt Act 13).]  The indictment further alleges that on or about July 1, 2015, Green allegedly handed a firearm to Gangster Disciples and HATE Committee member Q.H. to shoot DeMarco Franklin, whom Green and Q.H. believed was a member of the Bloods, a rival gang.  [*Id.* at 34 (Overt Act 95).]

## II.     MOTION FOR A BILL OF PARTICULARS [742]

### A.     The Parties' Arguments

Green requests a bill of particulars that provides the following information:

> 1. The date when Mr. Green allegedly joined Gangster Disciples.
>
> 2. Whether Mr. Green is a member of the enterprise who was enriched through various criminal conduct

---

[1] The indictment alleges that "enforcement teams" and "clean-up crews" are groups Gangster Disciples members that are tasked with administering discipline, including assaults and killings.  [Doc. 1 at 4.]  The HATE Committee is allegedly a specially-named enforcement team.  [*Id.* at 5.]

2

alleged in the Indictment, and, if so, what Mr. Green received, how much and when he received it.

3. Whether Mr. Green ever provided any financial aid or assistance to a gang member charged with or incarcerated for gang-related activities.

4. The date when Mr. Green allegedly joined the Racketeering Conspiracy charged in this Indictment.

5. Whether Mr. Green participated in any criminal activity alleged in the Indictment, other than the specific allegations where he is mentioned by name on pages 13, 20, and 34.

6. Whether Mr. Green ever attended a meeting where criminal activity was discussed, financial proceeds from criminal activity was collected, disciplinary beatings were discussed and decided, or an oath of allegiance was pledged. If so, the dates of any such meeting and the other attendees at the meeting.

7. Whether Mr. Green completed a written application for membership.

8. The name of the individual that Mr. Green allegedly robbed at gunpoint on December 7, 2012.

9. Whether the Government alleges that Mr. Green knew Q.H. intended to shoot DeMarco Franklin.

10. Whether the Government alleges that Mr. Green knew Donald Glass urged Q.H. to shoot a rival Bloods gang member.

[Doc. 742 at 1-2.]

The government responds that each of the requests is without merit, and, with respect to requests 1, 2, 3, 4, 5, and 6, the government does not provide any additional details. [Doc. 846 at 19-21.]

With respect to request 7, the government states that it will provide any written statement that Green made as required by the applicable rules. [Doc. 846 at 22.]

With respect to request 8, the government states that it is not required to provide the names of victims of crimes, particularly for minor victims, at this time, and that it will provide the information in compliance with the Court's order prior to trial. [Doc. 846 at 22.]

With respect to request 9, the government states that its theory is that Green, as a member of the HATE Committee, was aware that Q.H intended to shoot DeMarco Franklin when Green handed Q.H. a firearm minutes before Q.H. shot and killed Franklin. [Doc. 846 at 22.]

Finally, with respect to request 10, the government states that it believes Green, as a member of the HATE Committee, was aware that co-defendant Donald Glass urged Q.H. and other members of the HATE Committee to retaliate violently against rival Bloods gang members. [Doc. 846 at 22-23.]

**B.    Analysis**

Federal Rule of Criminal Procedure 7(f) explains that:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f). The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Davis*, 854 F.3d 1276, 1293 (11th Cir. 2017) (citation omitted). A bill of particulars may not be used for the purpose of obtaining detailed disclosure of the government's case or evidence in advance of trial. *See United States v. Perez*, 489 F.2d 51, 70-71 (5th Cir. 1973). "Nor is the defendant entitled to a bill of particulars with respect to information which is already available through other sources such as the indictment or discovery and inspection." *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir. 1986), *modified on other grounds by*, 801 F.2d 378 (11th Cir. 1986).

With regard to Green's request for the date on which he allegedly joined the Gangster Disciples and the date on which he allegedly joined the racketeering

conspiracy alleged in Count One (requests 1 and 4), the Court finds that the indictment provides sufficient detail to inform him of the charges against him. *See United States v. Reid*, No. 3:09-CR-312-J-34TEM, 2010 WL 2653229, at *2 (M.D. Fla. July 2, 2010) (denying request for bill of particulars to specify date when alleged conspiracy was formed and the date on which each defendant joined conspiracy where indictment provided the purpose of the alleged conspiracy, the participation of the defendant in the conspiracy, and the overt acts that defendant allegedly committed, as well as approximate dates of activity). Likewise, requests 2, 3, and 6 seek evidentiary detail that is not properly the subject of a bill of particulars. *See United States v. Victor Teicher & Co., L.P.*, 726 F. Supp. 1424, 1446 (S.D.N.Y. 1989) (denying motion for bill of particulars seeking, *inter alia*, an accounting of the amount by which the defendant was enriched by the alleged conspiracy).

Request 5, which seeks information as to whether Green participated in any other alleged criminal activity, essentially seeks detail regarding additional possible overt acts in which he was allegedly involved. Overt acts, however, are not elements of a RICO conspiracy. *See Salinas v. United States*, 522 U.S. 52, 63 (1997); *see United States v. Henley*, No. 1:16-cr-151-LMM-JFK, 2017 WL 2952821, at *16 (N.D. Ga. May 19, 2017) (denying motion for bill of particulars

seeking details concerning overt acts taken in furtherance of extortion and drug conspiracies), *report and recommendation adopted*, 2017 WL 2918954 (N.D. Ga. July 7, 2017). As such, Green "is not entitled to an accounting of the 'overt acts' he committed in furtherance of [the charged conspiracy]." *Henley*, 2017 WL 2952821, at *16; *see also United States v. Coleman*, No. 1:07-CR-233-ODE-RGV, 2010 WL 11507843, at *7 (N.D. Ga. Feb. 24, 2010), *report and recommendation adopted*, 2010 WL 11515338 (N.D. Ga. May 18, 2010) ("A bill of particulars cannot be used to ferret out additional overt acts not listed in the indictment, as long as the indictment alleges the required number of overt acts under the statute being charged."). The Court therefore declines to order the government to provide information in response to request five.

With regard to request 7, which seeks information as to whether Green completed a written application for membership, the government has indicated that it will provide any written statements, which would include any written application. Since Green can readily obtain this information through discovery, the Court will not order the government to respond further to this request.

With respect to request 8, the Court agrees with the government that the identity of the individual that Green allegedly robbed at gunpoint is not appropriate at this time. The name of the victim is not an element of the alleged

7

offense. *See United States v. Miller*, No. CRIM.A. 15-0012, 2015 WL 1395298, at *3 (E.D. La. Mar. 25, 2015) (denying motion for bill of particulars on grounds that the names of victims are not an element of offense at issue in that case). Moreover, the indictment alleges detail concerning the alleged robbery, including the approximate date of the robbery and that Green allegedly committed the robbery with Q.H. The Court is satisfied that Green does not need to know the identity of the victim at this point to prepare for his defense, minimize surprise at trial, and enable him to plead double jeopardy if necessary. *Id.*[2]

Finally, with respect to requests 9 and 10, the government responds that it believes that Green knew that Q.H. intended to shoot Franklin and that he knew that Glass urged Q.H. to shoot a rival Bloods gang member. The government has therefore responded to those requests, and no further response is required under Rule 7(b).

For the above reasons, Green's Motion for Bill of Particulars [Doc. 742] is **DENIED**.

---

[2] To the extent that Green contends that he has a right to the identity of his victim under the confrontation clause, the Court notes that the government has represented that it will identify the victim (who apparently was or is a minor) prior to trial. Therefore, early disclosure of this information is not necessary to avoid surprise at trial.

### III. MOTION TO ADOPT, CONSTRUED AS MOTION TO SEVER [744]

On September 29, 2016, the Court directed counsel to not file motions to adopt co-defendants' pretrial motions and warned that any such motions may be denied without prejudice. [Doc. 546.] Green's motion to adopt co-defendant Evans's motion to sever is there due to be denied on this basis alone.[3] Moreover, Green and Evans are not similarly situated. Green is named in Count One of the indictment, whereas Evans is named only in Count Twelve.

Nonetheless, it appears that in his motion to adopt, Green does argue that he should be severed from the other defendants due to prejudicial spillover and the potential for a *Bruton* problem, and simply relies on Evans' recitation of the law to support those arguments. [Doc. 744 at 2.] Accordingly, the Court construes the Motion to Adopt as a Motion for Severance, and for the following reasons, recommends that motion for severance be denied.

#### A. Green is Properly Joined as a Defendant

The Court's analysis begins with the threshold issue of whether joinder of Green as a defendant in this case is proper. Federal Rule of Criminal Procedure 8(b) provides that joinder of defendants is proper "if they are alleged to have

---

[3] Defendant Evans has since withdrawn his motion for severance.

participated in the same . . . series of acts or transactions constituting an offense or offenses." To meet the "same series of acts or transaction" requirement of Rule 8(b), the government must demonstrate that the acts alleged are united by substantial identity of facts or participants; however, there is no requirement that each participant participate in all acts or even know the other participants' roles in the alleged activities. *United States v. Holloway*, 971 F.2d 675, 679 (11th Cir. 1992).

It is well-established that joinder is proper where, as here, the indictment charges multiple defendants with participation in a single conspiracy. *See United States v. Alvarez*, 755 F.2d 830, 857 (11th Cir. 1985). The general rule is that defendants indicted together should be tried together, especially in conspiracy cases. *United States v. Chavez*, 584 F.3d 1354, 1360 (11th Cir. 2009). "Joint trials play a vital role in the criminal justice system and serve important interests: they reduce the risk of inconsistent verdicts and the unfairness inherent in serial trials, lighten the burden on victims and witnesses, increase efficiency, and conserve scarce judicial resources." *United States v. Lopez*, 649 F.3d 1222, 1233 (11th Cir. 2011).

In this case, the indictment alleges that Green was a member of the Gangster Disciples and he is specifically alleged to have participated in overt acts

in furtherance of a racketeering conspiracy. Rule 8(b) is a pleading rule. *See United States v. Liss*, 265 F.3d 1220, 1227 (11th Cir. 2001). Based on the allegations in the indictment, the Court concludes that Green has been properly joined as a defendant in this case with respect to Count One.

Having found that Rule 8(b) is satisfied, the Court next turns to whether the potential of prejudice to Green at trial warrant severance. Federal Rule of Criminal Procedure 14 allows for severance if it appears that a defendant will be prejudiced by a joinder of offenses or defendants. "[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). The Eleventh Circuit has explained that "[s]everance . . . is warranted only when a defendant demonstrates that a joint trial will result in 'specific and compelling prejudice' to his defense." *Liss,* 265 F.3d at 1228 (citation omitted). "Compelling prejudice occurs when the jury is unable 'to separately appraise the evidence as to each defendant and render a fair and impartial verdict.'" *Id*. (quoting *United States v. Meester*, 762 F.2d 867 (11th Cir.1985)). Cautionary instructions to the jury are presumed to adequately safeguard against prejudice. See *Lopez*, 649 F.3d at 1235 (cautionary instructions

to the jury "ordinarily will mitigate the potential spillover effect of evidence of a co-defendant's guilt").

The Court is not persuaded that the nature and circumstances of Green's involvement in the alleged RICO conspiracy warrants severance under Rule 14. Green's concern that a jury will be unable to sift through the evidence at trial and make an individual determination of guilt as to him is a concern in virtually any multi-defendant conspiracy case where the participants have disparate levels of participation. As the Eleventh Circuit has explained, the general rule favoring joinder of defendants who have been indicted together applies to coconspirators, even if one defendant had a minimal level of participation in the conspiracy. *United States v. Leavitt*, 878 F.2d 1329, 1340 (11th Cir. 1989) ("In a conspiracy case, coconspirators should usually be tried together; the fact that a defendant only participated in one aspect of the conspiracy does not by itself warrant severance."). Whatever risk there may be can likely be cured through limiting instructions to the jury. *See Zafiro*, 506 U.S. at 539. Accordingly, at this point, the Court concludes that Green has not demonstrated that he would suffer such compelling prejudice to mandate severance.

### B.  Severance Based on *Bruton* Problem

In *Bruton v. United States*, the Supreme Court held that post-arrest statements made by a non-testifying co-defendant that incriminate other defendants are inadmissible because such statements violate the other defendants' Sixth Amendment rights to confront and cross-examine adverse witnesses. *Bruton*, 391 U.S. 123, 126 (1968). As Green points out, he has not identified any specific statement or testimony that might be offered at trial that would create a problem under *Bruton*, nor has he identified any co-defendant who made a statement or whether such defendant is going to trial. [*See* 744 at 2.] Accordingly, at this point, the Court is unable to evaluate the motion and the appropriateness of any remedial efforts that could be taken at trial to avoid a *Bruton* problem. Accordingly, it is recommended that the Green's motion to sever based on *Bruton* be denied at this time.

### C. Summary

For the foregoing reasons, it is **RECOMMENDED** that Green's Motion to Adopt Defendant Evans's Motion for Severance [Doc. 744], which is construed as a motion for severance, be **DENIED.** It bears mentioning, however, that severance is within the discretion of the trial judge, who must ultimately balance the efficient and orderly presentation of the case with the possibility of prejudice to defendants and the ability to cure such prejudice with instructions. This is a

complex case involving many defendants and issues may arise as this matter moves toward trial that may justify another look at severance of this and other defendants for trial. Although I recommend denying the motion at this stage in the proceedings, the trial judge may, of course, revisit the question of severance closer to trial. *See United States v. Alcindor*, No. 1:05-CR-0269-TWT-CCH, 2005 WL 8148993, at *5 (N.D. Ga. Dec. 7, 2005) (denying motion for severance but noting that severance is within the province of the trial judge), *report and recommendation adopted*, 2006 WL 8426658 (N.D. Ga. Mar. 10, 2006).

## IV.   CONCLUSION

For the foregoing reasons, Defendant Perry Green's Motion for a Bill of Particulars [Doc. 742] is **DENIED**. It is also **RECOMMENDED** that Green's Motion to Adopt Defendant Evans's Motion for Severance [Doc. 744], which is construed as a motion for severance, be **DENIED**.

There are no matters pending for Defendant Green (12), and the Court has not been advised of any impediments to the scheduling of a trial as to this

defendant.  Accordingly, this matter as to this defendant is **CERTIFIED READY FOR TRIAL.**[4]

**IT IS SO ORDERED, RECOMMENDED AND CERTIFIED** this 4th day of October, 2017.

_____
JOHN K. LARKINS III
United States Magistrate Judge

---

[4] Since matters pertaining to Green's codefendants still are pending, the District Court is not required to place Green's case on the trial calendar at this time.  18 U.S.C. § 3161(h)(6).